RECEIVED AUG 25 2017 AT 8:30 WILLIAM T. WALSH CLERK

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ASHLEY ORTIZ,

    Plaintiff,

v.

NEW JERSEY STATE POLICE, et al.,

    Defendants.

Civil Action No. 16-7976 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendants New Jersey State Police ("NJSP"), NJSP Superintendent Joseph Fuentes, New Jersey Attorney General Christopher S. Porrino, and Elie Honig's[1] (collectively, the "Moving Defendants")[2] Motion to Dismiss Plaintiff Ashley Ortiz's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 11.) Plaintiff filed opposition (ECF No. 14), and the Moving Defendants replied (ECF No. 15). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court GRANTS the Moving Defendants' Motion to Dismiss.

---

[1] Elie Honig is the Director of the Division of Criminal Justice in the Office of the Attorney General. (Compl. ¶ 6, ECF No. 1.)

[2] Defendant Marc Dennis ("Defendant Dennis") (the Moving Defendants and Defendant Dennis are, collectively, "Defendants"), who is the only remaining named Defendant in this matter, did not file a motion to dismiss.

I.  **Background**[3]

Plaintiff, a resident of Ocean County, New Jersey, brings this action on behalf of herself and others situated similarly. (Compl. ¶ 2, ECF No. 1.) On August 31, 2015, Plaintiff was stopped by a police officer[4] "for having a light out on her license plate" while driving. (*Id.* ¶ 63.) The police officer detected the odor of alcohol while questioning Plaintiff and conducted a field sobriety test. (*Id.* ¶ 64.) Based on the sobriety test, Plaintiff was arrested and transported to the Wall Township Police Department, where an Alcotest breathalyzer was administered and returned a blood alcohol content ("BAC") of 0.09%. (*Id.* ¶¶ 64-65.) "In reliance on her BAC reading, and the documentation supporting that reading," Plaintiff pled guilty to driving while intoxicated ("DWI"), in violation of N.J.S.A. 39:4-50. (*Id.* ¶¶ 1, 66-67.) As a result of her guilty plea, Plaintiff's driver's license was suspended for three months and she was required to pay fees and surcharges. (*Id.* ¶ 67.)

Sometime after her guilty plea, Plaintiff learned that the accuracy of the Alcotest instruments used to test her BAC "had been negatively affected by Defendant Dennis's improper recalibration of those instruments." (*Id.* ¶ 68.) Defendant Dennis was an Alcohol Drug Testing Unit ("ADTU") Coordinator, and, therefore, tasked with calibrating and recalibrating the Alcotest instruments. (*Id.* ¶ 41.) Defendant Dennis, however, failed to comply with the proper procedures, and repeatedly certified that he had properly calibrated and recalibrated Alcotest instruments over the course of seven years. (*Id.* ¶ 42-43.)

---

[3] For the purpose of the instant Motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The allegations included in this section are taken directly from Plaintiff's Complaint.

[4] Plaintiff does not identify the name of the police officer who conducted the stop. (*See* Compl. ¶¶ 63-64.)

2

The Division of Criminal Justice of the State of New Jersey filed a criminal complaint against Defendant Dennis and charged him with third degree tampering with public records pursuant to N.J.S.A. 2C:28-7, and fourth degree falsifying of tampering with records pursuant to N.J.S.A. 2C:21-4. (*Id.* ¶ 44; *see also id.* Ex. A, at 1, ECF No. 1-1.) The criminal complaint alleges that Defendant Dennis failed to "use a NIST-traceable[5] digital thermometer to test the temperature of the simulator solutions[6] prior [to] starting the . . . calibration" of the Alcotest instrument as part of the required calibration process. (Compl. ¶ 45; *see also id.* Ex. A, at 1-2.) "[T]he State has admitted that Defendant Dennis issued false certifications regarding at least three Alcotest instruments" by not using a NIST-traceable digital thermometer to test the temperature of the simulator solutions prior to starting the calibration process. (Compl. ¶¶ 45-47.) In light of these facts, Plaintiff alleges that it is "probable" that Defendant Dennis failed to comply with other required portions of the calibration process and submitted more than three false Alcotest calibration certifications. (*Id.* ¶ 48.)

Plaintiff filed the instant five-count Complaint against Defendants alleging: (1) 42 U.S.C. § 1983 due process violations against Defendant Dennis based on fabrication of evidence; (2) 42 U.S.C. § 1983 due process violations against Defendants for the withholding and suppression of exculpatory evidence; (3) 42 U.S.C. § 1983 due process violations against the NJSP and Fuentes for failure to train, supervise, investigate, or discipline ADTU Coordinators; (4) violation of the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-1 to -2 against Defendant Dennis based

---

[5] "NIST refers to the National Institute of Standards and Technology, which is responsible for establishing, maintaining[,] and publishing basic standards of measurement consistent with their international counterparts." (Compl. ¶ 20.)

[6] Plaintiff states that testing the temperature of simulator solution with a NIST-traceable thermometer is a "crucial step in the calibration process." (Compl. ¶ 33.)

3

on fabrication of evidence; and (5) violation of NJCRA against Defendants for the withholding and suppression of exculpatory evidence. (Compl. ¶¶ 83-99.)

## II. Legal Standard[7]

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 194 n.4 (3d Cir. 2011) (citation omitted). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering a facial challenge construes the allegations in the complaint as true, and determines whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891. "In reviewing a factual attack, the court may consider evidence outside the pleadings." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997)); *see also United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). A district court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891.

---

[7] Although the Moving Defendants bring the instant Motion under both Rules 12(b)(1) and 12(b)(6), the Court finds subject matter jurisdiction to be the dispositive issue and, therefore, omits the legal standard under Rule 12(b)(6).

4

## III. Discussion

The Moving Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's claims under Section 1983 and the NJCRA, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).[8] (Defs.' Moving Br. 9-12, ECF No. 11-2.) A plaintiff can pursue a cause of action under Section 1983 for certain violations of her constitutional rights. *See* 42 U.S.C. § 1983. To state a claim for relief under Section 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-7 (3d Cir. 2013). Additionally, "[t]he NJCRA is interpreted as analogous to § 1983." *Szemple v. Corr. Med. Servs.*, 493 F. App'x 238, 241 (3d Cir. 2012); *Endl v. New Jersey*, 5 F. Supp. 3d 689, 697 (D.N.J. 2014). Thus, Plaintiff's claims pursuant to the NJCRA are analyzed alongside the Section 1983 claims.

"[T]he Supreme Court held that where success in a [Section] 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of [her] available state or federal habeas remedies to challenge the underlying conviction or sentence." *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *see Heck*, 512 U.S. at 487. Furthermore, "a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. To determine whether *Heck*

---

[8] The Moving Defendants also argue that the *Rooker-Feldman* doctrine, sovereign immunity, and lack of standing bar Plaintiff's claims. (Defs.' Moving Br. 13-23, ECF No. 11-2.) The Court, however, finds that the analysis under *Heck* is dispositive and the remaining arguments need not be addressed.

5

applies, a court must conduct a "careful review of the elements of the admitted offense juxtaposed with the plaintiff's factual allegations to determine if a verdict in plaintiff's favor would . . . 'necessarily imply the invalidity of [the] conviction.'" *Garrison v. Porch*, No. 04-1114, 2008 WL 1744730, at *3 (D.N.J. Apr. 11, 2008) (citations omitted); *see also Priovolos v. FBI*, 632 F. App'x 58, 60 (3d Cir. 2015).

Here, Counts One, Two, Four, and Five allege that Defendants withheld and suppressed evidence, failed to disclose Defendant Dennis's fabrication of evidence, and acted in concert and conspired to withhold exculpatory evidence. (Compl. ¶¶ 83-90, 94-99.) "[A] fabrication-of-evidence claim must allege 'a reasonable likelihood that . . . the defendant would not have been convicted' without the fabricated evidence." *Ebuzor-Onayemi v. Union Cty. Police Dep't*, No. 16-1869, 2017 WL 1377640, at *3 (D.N.J. Apr. 12, 2017) (citing *Heck*, 512 U.S. at 486-89). Accordingly, "[t]o recognize an agreement among [d]efendants to fabricate evidence to convict Plaintiff would assail the integrity of Plaintiff's extant conviction, in contravention with *Heck*." *Id.* at 4.[9]

Similarly, Count Three would also imply the invalidity of Plaintiff's conviction. Count Three alleges that:

> Defendants NJSP and Fuentes have encouraged, tolerated, ratified, and have been deliberately indifferent to the following patterns, practices, and clear need for more or different training, supervision, investigation or discipline in the areas of:

---

[9] The Court notes that Plaintiff argues in her opposition brief that "her due process rights were violated the moment she was *charged* with DWI based on fabricated evidence," and that "the mere *initiation* of criminal charges using fabricated evidence is unconstitutional." (Pl.'s Opp'n Br. 11, ECF No. 14.) Plaintiff, however, cites case law involving plaintiffs whose convictions would not necessarily be invalidated by a § 1983 claim as each case involved a favorable determination for the plaintiff. *See Black v. Montgomery Cty.*, 835 F.3d 358, 363 (3d Cir. 2016) (not guilty); *Fields v. Wharrie*, 740 F.3d 1107, 1109 (7th Cir. 2014) (acquitted); *Halsey v. Pfeiffer*, 750 F.3d 273, 278 (3d Cir. 2014) (conviction vacated).

6

> (a) The proper exercise of police powers, including, but not limited to the use of false information to initiate a prosecution, fabrication of evidence, and suppression of exculpatory evidence;
>
> (b) The proper use of the state-approved methodology for testing evidential breath samples with Alcotest instruments and certifying that those instruments have been properly calibrated; [and]
>
> (c) [Deficient] [o]versight, supervision, and training of ADTU [c]oordinators . . . .

(Compl. ¶¶ 91-93.) Under Section 1983, a supervising authority may be liable "for failing to train police officers when the failure to train demonstrates deliberate indifference to the constitutional rights of those with whom the officers may come into contact." *Gilles v. Davis*, 427 F.3d 197, 207 n.7 (3d Cir. 2005) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Plaintiff's claim under Count Three rests on the allegation that there was widespread use of false information and suppression of evidence, including the evidence used in Plaintiff's case. (*See* Compl. ¶¶ 91-92.) Judgment in favor of Plaintiff, therefore, would necessarily imply the invalidity of her conviction.

Moreover, the specific relief requested by Plaintiff further demonstrates the Court's lack of jurisdiction under *Heck*. Plaintiff requests, in relevant part: (1) "[a] refund of all fines and surcharges the Class paid in connection with their convictions"; (2) "[c]orrection of the Class's Division of Motor Vehicles records to remove evidence of their offenses"; and (3) [c]orrection of the Class's criminal records to remove evidence of their offenses." (Compl. 21-22.) As evidenced by these requests for relief, Plaintiff seeks to invalidate her conviction. Accordingly, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims pursuant to *Heck*.[10]

---

[10] Although Defendant Dennis has not answered or filed a motion to dismiss, the Court dismisses Plaintiff's claims against all Defendants for lack of subject matter jurisdiction. *See Coulter v. Unknown Prob. Officer*, 562 F. App'x 87, 89 n.2 (3d Cir. 2014) (granting a *sua sponte* dismissal of claims asserted against non-moving defendants where the ground raised by the moving defendants were common to all defendants and the plaintiff had an opportunity to respond to the

7

## IV. Conclusion

For the reasons set forth above, the Court GRANTS the Moving Defendants' Motion to Dismiss. Plaintiff's Complaint is dismissed on all counts without prejudice.[11] An order consistent with this Memorandum Opinion will be entered by the Court.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: August 25th, 2017

---

moving defendants' arguments); *see also Henry v. U.S. Att'y Gen.*, 525 F. App'x 67, 69 (3d Cir. 2013) ("[F]ederal courts are obligated to *sua sponte* identify jurisdictional defects.").

[11] Although the Court lacks subject matter jurisdiction over Plaintiff's claims at this time, the Court dismisses the Complaint without prejudice as Plaintiff's claims may be viable if she first invalidates her conviction through proper avenues for relief. (*See* Defs.' Moving Br. 11 (stating that Plaintiff "must first seek [post-conviction relief] in State Court and, if unsatisfied with the result, appeal the decision through the State's appellate courts, and, ultimately, through the Supreme Court of New Jersey").)